John Thomas **FITTS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17473.

Court of Criminal Appeals of Oklahoma.

March 6, 1973.

Wayne Hagle, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan Gigger, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, John Thomas Fitts, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–71–2062, for the offense of Receiving a Taken Credit Card. His punishment was fixed, by the jury, at a term of three (3) years imprisonment and a fine of Two Thousand Dollars ($2,000.00). From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Real testified that at approximately 11:40 p. m. on September 6, 1971 he observed a car being driven by the defendant, run a stop sign at 44th Street and South Portland in Oklahoma City. He stopped the car and the defendant dismounted and walked to the rear of his car. The officer asked him for some type of identification and the defendant produced a driver's license in the name of James Alexander Cameron. Noticing that the vehicle had Kansas tags and that the driver's license was issued in the State of Colorado, he asked the defendant his date of birth. The defendant gave three different dates, none of which matched the date of birth on the driver's license. He asked the defendant to produce some more identification to reaffirm his identity and the defendant pulled a small black folder wallet from his hind pocket. When he opened it up, a credit card fell to the ground. The officer picked up the credit card and observed that it was issued in the name of

Lee Kidder. He asked the defendant if he had any more credit cards and the defendant showed him three other cards. The defendant stated that he obtained the car from Mr. Kidder in Moore.

Lee Kidder testified that he was employed as a home builder in Moore. On the weekend of August 28, his office was burglarized and the three credit cards were taken. He testified that he did not know the defendant nor did he give him his credit cards.

The defendant did not testify nor was any evidence offered in his behalf.

■ Defendant asserts two propositions of error, both of which allege that 21 O.S. § 1550.22(c) is unconstitutional for the reason that it violates the due process clause of the Fourteenth Amendment to the Constitution of the United States and Article II, Section 7 of the Oklahoma Constitution. Title 21 O.S. § 1550.22 provides as follows:

"(a) A person who takes a credit card from the person, possession, custody or control of another without the cardholder's consent, or who, with knowledge that it has been so taken, receives the credit card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder, is guilty of credit card theft and is subject to the penalties set forth in Section 1550.33(a) of this title.

"(b) Taking a credit card without consent includes obtaining it by the crime of larceny, larceny by trick, larceny by the bailee, embezzlement, or obtaining property by false pretense, false promise, extortion, or in any manner taking without the consent of the cardholder or issuer.

"(c) A person who has in his possession or under his control any credit card obtained under subsection (b) of this section is presumed to have violated this section."

Defendant cites as authority, Payne v. State, Okl.Cr., 435 P.2d 424 (1968). We have examined this authority and find that the same is distinguishable from the case at bar. In *Payne, supra,* we held that the statutory presumption that a person in possession of stolen property knew it to have been stolen was arbitrary and unconstitutional. It is readily apparent that an innocent person could receive possession of stolen property without knowledge that the same had been stolen whereas a person who has in his possession a credit card with the name of another person clearly imprinted thereupon would have noticed that the card belonged to the third person and that the unauthorized use of the same would be unlawful. In Shaw v. State, 76 Okl.Cr. 271, 134 P.2d 999 (1943), we stated in the fifth paragraph of the Syllabus:

"The determination of the legislature that the acts defined involve such danger to the public peace and security of the State that they should be penalized in the exercise of the police power must be given great weight and every presumption be indulged in favor of the validity of the statute, which could be declared unconstitutional only if an attempt to exercise arbitrarily and unreasonably the authority vested in the State in the public interest."

■ Considering the present day economy of this State and nation wherein millions of dollars of credit card transactions are conducted each day, we are of the opinion that the legislature properly determined that the acts defined in 21 O.S. § 1550.22 involve such danger to the public security of the State that they should be penalized in the exercise of the police power. We, therefore, find these propositions to be without merit.

■ Defendant has filed a pro se supplemental brief wherein he asserts four specifications of error. We have carefully examined each of the propositions and are of the opinion that they are without merit; however, in light of the fact that the defendant is an indigent, we are of the opinion that justice would best be served by modifying the judgment and sentence to a

term of three (3) years imprisonment in the state penitentiary, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BLISS, P. J., and BRETT, J., concur.