Frantz R. STANFIELD, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–638.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1983.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Teresa Brown Johnson, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Judge:

Frantz R. Stanfield, Jr., was convicted for Receiving a Taken Credit Card, After Former Conviction of a Felony, in violation of 21 O.S.1981, § 1550.22(a), in Oklahoma County District Court Case No. CRF–79–5053. His sentence of imprisonment for a term of five (5) years was suspended by the Court.

The State's evidence at the trial included testimony that during November or December, 1979, Joel Carson discovered that a Champlin credit card which he normally kept in the glove compartment of his car, was missing. On December 23, 1979, the same credit card was discovered in the possession of the appellant when he was searched in a Target Department Store by a Target employee.

The appellant contends that his arrest and subsequent search were illegal and improper pursuant to 22 O.S.1981, § 1343; and the trial court erred in failing to suppress the evidence discovered.

Title 22 O.S.1981, § 1343, allows a merchant, his agent or employee, who has reasonable grounds or probable cause to believe that a person has committed or is committing a wrongful taking of merchandise or money to detain that person in order to search the person and his belongings when it appears that the merchandise or money may otherwise be lost.

Testimony at trial indicated that the appellant exited the store leaving the merchandise he had collected in a shopping cart at a checkout stand after attempting to pay with a payment notice slip belonging to another person. A security guard testified that he became suspicious of the appellant following this occurrence and stopped him as he ran out of the store. Based on the evidence presented at trial, we do not believe probable cause existed for the security guard to detain the appellant.

■ However, the trial court's refusal to suppress the credit card found as a result of this search was not error. In *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921), the Supreme Court stated that the Fourth Amendment protection against unlawful searches and seizures applies strictly to cases in which there is governmental action. A search conducted by a private citizen does not constitute a search within the meaning of the Fourth Amendment. *Turner v. State*, 542 P.2d 955 (Okl. Cr.1975).

■ In this case, it is evident that the store security guard was acting as a private citizen. The State was neither directly nor indirectly involved in the search and detention of the appellant. Recently in *Walter v. United States*, 447 U.S. 649, 656, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980), the Supreme Court stated that "a wrongful search or seizure conducted by a private party does not violate the Fourth Amendment and . . . such private wrongdoing does not deprive the government of the right to use evidence that it has acquired lawfully."

■ Second, the appellant asserts that his demurrer to the evidence and motion for directed verdict of acquittal should have been sustained due to insufficient evidence. Specifically, he argues that the State failed to prove that he knew the card had been taken and that he intended to use, sell or transfer it to another person. It is our finding that the trial court correctly overruled the appellant's motion for directed verdict. Title 21 O.S.1981, § 1550.22(c), states that a person who has in his possession or under his control any credit card obtained without consent is presumed to have violated this statute. See also *Fitts v. State*, 507 P.2d 942 (Okl.Cr.1973). A jury question was presented as to whether the appellant obtained the card without consent so as to violate the statute. It is apparent from the jury's verdict that the appellant did not present sufficient evidence to overcome the presumption that he obtained the credit card without consent. The State proved a prima facie case by both circumstantial and direct evidence which pointed to the appellant's guilt. Therefore, the appellant's second proposition of error is without merit.

■ Finally, it is alleged that evidence of another crime committed by the appellant was introduced at trial in violation of *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). This alleged other crime was one that arose out of the evidence presented at trial. The appellant does not state the exact nature of

the alleged crime he claims evidence of which was illegally introduced. Instead, he argues that the testimony relating to the appellant's activities in the store and his subsequent detention was likely to arouse suspicion in the mind of the jury that the appellant might have committed some other crime, thus prejudicing the jury against the appellant.

A thorough reading of the transcript by this Court has failed to reveal the type of evidence which the rule against allowing in evidence of other crimes is intended to include. The possible implication that a different crime was committed is obvious only to defense counsel. "To extend the protection of this rule to every possible implication which might be conceived by defense counsel would be a severe stretching of the rule. This Court is not willing to extend the rule this far." *Agee v. State*, 562 P.2d 913 (Okl.Cr.1977). The appellant's third proposition of error is without merit. For the above stated reasons, the conviction and sentence is Affirmed.

The Honorable Hez J. Bussey filed his disqualification in the above styled and numbered appeal, and the Honorable William O. Green, III, District Judge of the Fourth Judicial District, was appointed to serve in his stead.

CORNISH, J., and GREEN, Special Judge, concur.