**Frantz R. STANFIELD, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–638.**

Court of Criminal Appeals of Oklahoma.

July 19, 1983.

---

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Teresa Brown Johnson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION ON REHEARING

BRETT, Judge:

This appeal was reconsidered on Petition for Rehearing filed February 2, 1983. Oral argument was had when appellant reiterated and reinformed this Court concerning the two major complaints concerning the opinion rendered on January 13, 1983. After hearing oral argument and considering the additional briefs submitted, this Court withdraws the original opinion and substitutes in lieu thereof the following.

Frantz R. Stanfield, Jr., was convicted of Receiving a Taken Credit Card, After Former Conviction of a Felony, in violation of 21 O.S.1981, § 1550.22(a), in Oklahoma County District Court Case No. CRF–79–5053. His sentence of imprisonment for a term of five (5) years was suspended by the Court.

The State's evidence at the trial included testimony that during November or December, 1979, Joel Carson discovered that a Champlin credit card which he normally kept in the glove compartment of his car,

was missing. On December 23, 1979, the same credit card was discovered in the possession of the appellant when he was searched in a Target Department Store by a Target employee.

The appellant contends that his arrest and subsequent search were illegal and improper pursuant to 22 O.S.1981, § 1343; and the trial court erred in failing to suppress the evidence discovered.

Title 22 O.S.1981, § 1343, allows a merchant, his agent or employee, who has reasonable grounds or probable cause to believe that a person has committed or is committing a wrongful taking of merchandise or money to detain that person in order to search the person and his belongings when it appears that the merchandise or money may otherwise be lost.

Testimony at trial indicated that the appellant exited the store leaving the merchandise he had collected in a shopping cart at a checkout stand after attempting to pay with a payment notice slip belonging to another person on which he had written his correct name. A security guard testified that he became suspicious of the appellant following this occurrence and stopped him as he departed from the store. Based on the evidence presented at trial, we do not believe probable cause existed for the security guard to detain the appellant.

However, the trial court's refusal to suppress the credit card found as a result of this search was not error. In *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921), the Supreme Court stated that the Fourth Amendment protection against unlawful searches and seizures applies strictly to cases in which there is governmental action. A search conducted by a private citizen does not constitute a search within the meaning of the Fourth Amendment. *Turner v. State*, 542 P.2d 955 (Okl. Cr.1975).

In this case, it is evident that the store security guard was acting as a private citizen. The State was neither directly nor indirectly involved in the search and detention of the appellant. Recently in *Walter v.*

*United States*, 447 U.S. 649, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980), the Supreme Court stated that "a wrongful search or seizure conducted by a private party does not violate the Fourth Amendment and . . . such private wrongdoing does not deprive the government of the right to use evidence that it has acquired lawfully."

Second, the appellant asserts that his demurrer to the evidence and motion for directed verdict of acquittal should have been sustained due to insufficient evidence. Specifically, he argues that the State failed to prove that he knew the card had been taken and that he intended to use, sell or transfer it to another person. It is our finding that the trial court correctly overruled the appellant's motion for directed verdict. Title 21 O.S.1981, § 1550.22(c), states that a person who has in his possession or under his control any credit card obtained without consent is presumed to have violated this statute. Appellant complains of this presumption coupled with the trial court's Instruction Number Three which reads as follows:

The laws of the State of Oklahoma provide: A person who takes a credit card from the person, possession, custody or control of another without the cardholder's consent, or who, with knowledge that it has been so taken, receives the credit card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder is guilty of credit card theft. Taking a credit card without consent includes obtaining it by the crime of larceny, larceny by trick, larceny by the Bailee, embezzlement, or obtaining property by false pretense, false promise, extortion, or in any manner, taking without the consent of the cardholder or issuer.

A person who has in his possession or under his control, any credit card obtained pursuant to the above paragraph, is presumed to have violated this section. 'Intent' and 'knowledge' are usually not susceptible of direct proof, and therefore the jury is advised that 'intent' and 'knowledge' may be inferred from the

conduct of the defendant and from all of the surrounding facts and circumstances. A person who receives, holds or conceals a credit card which has been lost or mislaid under circumstances which give him knowledge or cause to inquire as to the true owner and appropriate it to his use is guilty of receiving a taken credit card.

■ Appellant argued before this Court that the presumption contained in the instruction literally "presumes" a defendant into the Penitentiary. In support of his argument he cites *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In *Sandstrom*, the United States Supreme Court stated:

As in *Morissette* and [*United States v.*] *United States Gypsum* [*Co.*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854], a conclusive presumption in this case would "conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime," and would "invade [the] factfinding function" which in a criminal case the law assigns solely to the jury.

It is conceded that the instruction given by the court was taken almost directly from Section 1550.22, which reads as follows:

(a) A person who takes a credit card or debit card from the person, possession, custody or control of another without the cardholder's consent, or who, with knowledge that it has been so taken, receives the credit card of debit card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder, is guilty of card theft and is subject to the penalties set forth in Section 1550.33(a) of this title.

(b) Taking a credit card or a debit card without consent includes obtaining it by the crime of larceny, larceny by trick, larceny by the bailee, embezzlement or obtaining property by false pretense, false promise, extortion or in any manner

taking without the consent of the cardholder or issuer.

(c) A person who has in his possession or under his control any credit card or debit card obtained under subsection (b) of this section is presumed to have violated this section. Laws 1970, c. 258, § 2; Laws 1971, c. 307, § 2, emerg. eff. June 19, 1971; Laws 1981, c. 86, § 4, emerg. eff. April 20, 1981.

Appellant argued before this Court that the application of paragraph (c) of the foregoing Statute in this case constitutes error. We now believe appellant's argument contains merit.

Paragraph (a) provides that "A person who takes a credit card ... with intent to use it or sell it, ... is guilty of card theft and is subject to the penalties set forth in Section 1550.33(a) of this title." Paragraph (c) of that Section provides: "A person who has in his possession or under his control any credit card or debit card obtained under subsection (b) of this section is presumed to have violated this section."

The testimony contained in the record before this Court is unrebutted that appellant did not take the credit card with intent to use it, or with intent to transfer it to someone else. When the Security Guard at the Target Department Store asked appellant where he obtained the card, he answered that he found it. When appellant testified, he again asserted that he found the credit card and a one dollar bill about thirty or forty minutes before he entered the store; he also testified that he intended to attempt to find the owner. The State offered no proof to the contrary, except for circumstances which the jury was led to believe fell within the Statute. Insofar as this Court is bound by what is contained in the record before us, we must conclude that no answer was provided other than what appellant offered. Therefore, there was no proof that placed appellant under paragraph (b) of the Statute.

As counsel for appellant argued before this Court, under the same or similar circumstances any innocent person who finds a credit card could likewise be found guilty

under the presumption offered this jury. Under the facts of this particular Statute, we believe appellant's argument contains merit.

In *Fitts v. State,* 507 P.2d 942 (Okl.Cr. 1973), this Court upheld the constitutionality of the Statute in question. However, in order to sustain a conviction under this Statute it is necessary for the State to prove by direct, or by circumstantial evidence, that the card was taken and that the accused must have intended to use or transfer the card, as set out in the Statute. The instruction of which the appellant complains instructed the jury that "intent" and "knowledge" may be inferred from the conduct of the defendant. If the unrebutted facts were as appellant asserted them, he had not sufficient time "to inquire as to the true owner." Consequently, under the facts of this case, the instruction inferring the guilt of appellant was reversible error. It is true that appellant stated that he found a One Dollar bill at the same time he found the card, but no one asked him whether or not he had spent the dollar. Insofar as he did not have it at the time of his apprehension, it was presumed that he did not find the bill.

Likewise, there was no evidence offered that the appellant intended to use the card. There was no evidence whatsoever that appellant even showed the card to anyone in the store. It was not until he was searched that the card was even known about. Hence, there was no proof that appellant was guilty of taking the card. There was no proof that he intended to use it, or to transfer it to another person. He was found guilty because he had it in his possession and his testimony of how he obtained it was unrefuted.

Therefore, for the reasons that the instruction improperly "inferred" appellant's guilt because he had the card in his possession; and because no proof was shown to sufficiently place appellant's position under the provisions of the Statute, this conviction must be reversed and remanded, with instructions to dismiss the charge.

REVERSED AND REMANDED, WITH INSTRUCTIONS.

CORNISH, J., concurs in results.

GREEN, Special Judge, concurs.

The Honorable HEZ J. BUSSEY filed his disqualification in the above styled and numbered matter, and the Honorable W.O. GREEN, III, District Judge of the Fourth Judicial District, was appointed to serve in his stead.