**Willie Carl CURTIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–87–209.**

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1988.

Elaine Meek, Asst. Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., David W. Lee, Asst. Atty. Gen., Randy J. Malone, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Willie Carl Curtis, was tried by jury and convicted of First Degree Malice Aforethought Murder (21 O.S.1981, § 701.7(A)) in Tulsa County District Court, Case No. CRF–86–1809, before the Honorable Clifford E. Hopper, District Judge. The jury set punishment at life imprisonment. The trial court imposed judgment and sentence in accordance with the jury's verdict. We affirm.

In his sole assignment, appellant contends the evidence was insufficient to show that the killing was done with malice aforethought. A person commits first degree murder by causing the death of another human being "with malice aforethought...." 21 O.S.Supp.1982, § 701.7(A). "Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof." *Id.* "A design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution." 21 O.S.1981, § 703.

■ Due process requires a reviewing court to examine the evidence in the light most favorable to the prosecution in determining whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Spuehler v. State,* 709 P.2d 202, 203–04 (Okla.Crim.App.1985). The reviewing court must accept all reasonable inferences and credibility choices that tend to support the trier of fact's verdict. *See Washington v. State,* 729 P.2d 509, 510 (Okla.Crim.App. 1986). When the State's case is based solely upon circumstantial evidence, it must exclude every reasonable hypothesis except guilt. *Guthrie v. State,* 679 P.2d 278, 279 (Okla.Crim.App.1984). Here, the evidence against appellant is both direct and circumstantial, and therefore the reasonable hypothesis test is inapplicable.

■ The State's evidence at trial showed that on the afternoon of May 19, 1986, appellant asked his mother, Juanita Marshall, to give him a ride to the car wash. Upon arriving there, appellant decided he was going to a friend's house near where his mother lived. When Mrs. Marshall headed toward the friend's house, appellant told her he was going to his mother's home instead. Mrs. Marshall was suprised, because appellant "didn't like" her husband. Before entering the house, Mrs. Marshall told appellant "if you come in the house ... you're supposed to speak [to Mr. Marshall] ... because you know [he] do live here." Mrs. Marshall entered the house and saw Mr. Marshall at the kitchen table studying. When she turned to put her purse down, she heard a gunshot behind her and also heard Mr. Marshall fall to the floor. As Mrs. Marshall ran towards appellant to stop him, appellant fired the gun at Mr. Marshall, who was on the floor. Subsequently, Mrs. Marshall struggled with appellant several minutes before he ran out the living room door. A few minutes later, while Mrs. Marshall was in the bedroom calling an ambulance, she heard another gunshot in the living room. When she ran into the living room, appellant was pointing a gun at her husband, who was still on the floor. Appellant then ran out of the house. Mrs. Marshall testified that prior to the shooting, no words were exchanged between appellant and the decedent, there was no struggle, and she never saw the decedent with a gun.

Tulsa Police Officer T.J. Stendel, the first officer on the scene, found no signs of a fight and no weapon near the decedent. Corporal Curtis Thompson of the Tulsa Police Department arrived at the Marshall residence shortly after the shooting. He found no gun at the scene, and no signs of a struggle. Dr. Anna Randall, a forensic

pathologist, testified the decedent died as a result of two gunshot wounds to the chest. Dr. Randall found no recent scratches which might have indicated the decedent had been in a fight before his death.

Appellant testified when he entered his mother's house, Mr. Marshall came at him with a gun in his hand. When the gun got hung up on the inside of Mr. Marshall's robe, appellant rushed him and, during a struggle over the gun, appellant shot Mr. Marshall two or three times in self-defense. Appellant denied entering the house with a loaded gun, and said he dropped the gun in the house.

We believe a rational trier of fact could reasonably infer from the foregoing evidence that appellant went to the Marshall house with a loaded gun and deliberately shot Mr. Marshall several times with a premeditated design to effect his death. *See Koonce v. State,* 696 P.2d 501, 504–05 (Okla.Crim.App.1985). The credibility of witnesses and the weight to be given their testimony is within the province of the jury, and the jury is permitted to believe one witness while disbelieving others. *Renfro v. State,* 607 P.2d 703, 706 (Okla. Crim.App.1980). This assignment is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.