**Glendal Ray LUNA, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–88–145.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1991.

Jamie D. Pybas, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Glendal Ray Luna, appellant, was tried by jury and convicted of the crime of Unlawful Delivery of Marijuana to a Minor (63 O.S.Supp.1986, § 2–401(D)) in Pittsburg County District Court Case No. CRF–87–117. In accordance with the jury's recommendation, appellant was sentenced to ten (10) years imprisonment.[1] From this Judgment and Sentence, appellant appeals.

In its case in chief, the State presented evidence that seventeen (17) year old Doug Ivey agreed to assist the McAlester Police Department in making several controlled drug buys in exchange for the dismissal of six (6) pending traffic charges. On April 27, 1987, Ivey went to appellant's home and asked him if he knew where Ivey could buy some marijuana. Appellant told Ivey to come back after 4:30 p.m. Ivey then informed Detective Don Hass of the planned transaction and was instructed to go to the police station. There, Ivey and his vehicle were searched, Ivey was given twenty five dollars ($25.00) to make the drug buy, and he was equipped with a wiretap device.

Followed in separate cars by Detective Hass and Officer Chris Sutterfield, Ivey drove to appellant's house and knocked on his door. The officers monitored Ivey's conversation with appellant, during which Ivey offered appellant twenty five dollars ($25.00) and asked him "have you got it?" or "have you got some?". Appellant took the money and said, "Yeah, I believe I can find some somewhere." Appellant then directed Ivey to look under a sign and a piece of plywood across the street. This conversation was taped and played at trial. Ivey walked across the street, picked up the plywood and stated to the officers, via the wiretap device, that he had the "dope". Ivey then returned to his vehicle and drove to the police station, where he turned the marijuana over to the officers and was again searched. No money was found on Ivey.

In his defense, appellant called his two step-sons who testified that they were at appellant's home when Doug Ivey arrived and that neither of them saw anything exchanged between appellant and Ivey. Also called was Sandra Campbell, who testified that she had accompanied Ivey on his first trip to appellant's home. Campbell claimed that Ivey stopped his truck in front of appellant's home, produced a plastic baggie containing a green leafy substance, and threw the baggie out of the window and onto the ground near a sign. Campbell also claimed that it was she who knocked on appellant's door and spoke to him. Campbell testified that she asked appellant if he knew where she could get some pot and he allegedly replied, "no, he didn't—he don't use that, he don't have anything to do with that anymore, at all." Campbell then left with Ivey and was dropped off at her home.

In rebuttal, the State recalled Don Hass to the stand. Detective Hass testified that a search warrant was executed on appellant's residence several hours after the controlled buy occurred. Thereupon, officials discovered a quarter ounce baggie of marijuana, a set of scales and some plastic baggies inside appellant's house, and approximately one-third of a pound of marijuana in a stereo cabinet in appellant's garage.

As his first assignment of error, appellant asserts that trial court erred in admitting the rebuttal evidence of Detective Hass. Specifically, appellant argues that the "other crimes" evidence was improperly introduced in rebuttal, that said evidence

---

1. The recommended fine of six thousand dollars ($6,000.00) was reduced to zero by the trial court.

did not fall within one of the recognized exceptions of 12 O.S.1981, § 2404(B), or *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979), and that the prejudicial impact of such evidence outweighed its probative value. We disagree.

We first note that "[r]ebuttal evidence may be offered to explain, repel, disprove, or contradict facts given in evidence by the adverse party, regardless of whether such evidence might have been introduced in the State's case in chief...." *Salyers v. State,* 755 P.2d 97, 102 (Okl.Cr. 1988). Evidence that marijuana and paraphernalia were discovered in appellant's possession certainly tended to repel Sandra Campbell's testimony that Doug Ivey "planted" marijuana across the street from appellant's home.

Second, Section 2404(B) provides that evidence of other crimes may be admissible for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *See also Burks,* 594 P.2d at 772. We find that the evidence of marijuana and drug paraphernalia discovered in appellant's home was admissible to demonstrate appellant's "opportunity" to commit the offense charged and to establish his "plan" to sell marijuana. *See Little v. State,* 725 P.2d 606 (Okl.Cr.1986). Finally, we hold that the probative value of such evidence was not substantially outweighed by the danger of unfair prejudice. 12 O.S.1981, § 2403.

In his second assignment of error, appellant contends that the State introduced insufficient evidence to support his conviction. The thrust of appellant's argument is that some of the State's evidence was refuted by defense witnesses.

The test to be used when determining if the State presented sufficient evidence to support a conviction is whether, after reviewing the evidence *in the light most favorable to the prosecution,* any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Drew v. State,* 771 P.2d 224, 227 (Okl.Cr.1989). Furthermore, this Court has held that the credibility of witnesses and the weight to be given to their testimony is within the province of the jury. *Curtis v. State,* 762 P.2d 981, 983 (Okl.Cr.1988). The jury is permitted to believe one witness while disbelieving others. *Id.* After reviewing the evidence discussed above in the light most favorable to the State, we find that any rational trier of fact could have found beyond a reasonable doubt that appellant wilfully and unlawfully distributed marijuana to a minor. *See* 63 O.S.Supp.1986, § 2–401(D).

As his final assignment of error, appellant charges that the trial court erred in refusing to suppress the tape recorded conversation between appellant and Doug Ivey. Appellant bases this proposition on the argument that Ivey's consent to wear a wiretap device was not given freely and voluntarily, in violation of 18 U.S.C. § 2511(2)(c).[2]

During an in camera hearing, Doug Ivey and his father testified that they did not know Ivey would be asked to wear a wiretap device during the controlled drug buy. However, Ivey testified during trial that he initiated the discussions with authorities during which he asked to cooperate with police in exchange for dismissal of his traffic tickets. As part of their agreement, Ivey was subsequently asked to wear a wiretap device. Although Ivey and his father may not have initially been aware that Ivey would be asked to wear a wiretap device, Ivey in fact wore one and fully cooperated with officers in making the controlled buy. Had Ivey not wanted to wear the device, he could have simply refused to follow through with the agreement. We can reach no other conclusion but to find that Doug Ivey freely and voluntarily consented to wearing the wiretap device. Therefore, no error resulted from

2. Section 2511(2)(c) provides, "It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."

**1200**

the admission of the tape recorded conversation.

On the basis of the foregoing, the Judgment and Sentence is AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.