Leroy Riley SMITH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–89–0750.

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1993.

Stephen K. Newcombe (at trial), Lawton, for appellant.

Roy Calvert Asst. Dist. Atty. (at trial), Lawton, for State.

Dan Connally, Asst. Appellate Indigent Defender (on appeal), Norman, for appellant.

Susan Brimer Loving, Atty. Gen., Jennifer B. Miller, Asst. Atty. Gen. (on appeal), Oklahoma City, for appellant.

## OPINION

LANE, Judge:

Appellant, Leroy Riley Smith, was convicted of Theft of Credit Cards After Former Conviction of Two or More Felonies in the District Court of Comanche County, following a jury trial before the Honorable Jack Brock. The jury recommended that Appellant be sentenced to serve a term of eighty years in the custody of the Oklahoma Department of Corrections. The trial court sentenced accordingly. Appellant has brought this appeal challenging his conviction on three grounds; that the evidence was insufficient to support the conviction; that the jury instructions created an improper presumption that Appellant was guilty; and that the State failed to present sufficient evidence to support the finding of prior convictions. We find no error has occurred and affirm the conviction.

In his first proposition of error, Appellant claims that his conviction must be reversed because there was no evidence presented to establish that he specifically intended to steal a credit card. In *Drew v. State*, 771 P.2d 224, 227 (Okl.Cr.1989), we summarized the standard under which claims involving sufficiency of the evidence must be reviewed:

> The test to be utilized by a reviewing court when determining if the State presented sufficient evidence to support a conviction where both direct and circumstantial evidence has been introduced is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985); *Riley v. State*, 760 P.2d 198 (Okl. Cr.1988.)

*See also Luna v. State*, 815 P.2d 1197, 1199 (Okl.Cr.1991).

In order to prove Theft of a Credit Card, the evidence must establish that a credit card was taken without the knowledge or consent of the owner with the intent to use it or sell it. 21 O.S.1981, § 1550.22. Our review of the evidence in this case will be undertaken with these principals guiding our analysis.

On October 7, 1987, Appellant went into the offices of Crossroads Realty in Lawton, Oklahoma. Lauri Brandt, an agent in the office, had been away from her desk for several minutes. When she returned, Appellant was standing next to the desk concealing something in his shirt. Brandt asked Appellant what he was doing. He replied that he was looking for his mother. When Brandt inquired about what was under his shirt, Appellant ran. Another agent in the office called police. When Brandt checked her purse, her wallet, which contained several credit cards, was missing.

At trial, Appellant was identified by Brandt and several other witnesses. Although, the evidence is overwhelming that he stole the wallet, the question here is whether the evidence supports a finding that Appellant intended to steal the contents of the wallet, which in this case included credit cards.

In sub-paragraph (c) of Section 1550.22, the legislature provided:

> A person who has in his possession or under his control any credit card or debit card under subsection (b) or this section is presumed to have violated this section.

The constitutionality of this provision was addressed in *Fitts v. State*, 507 P.2d 942, 943 (Okl.Cr.1973). This Court rejected the challenge, holding:

> Considering the present day economy of this State and nation wherein millions of dollars of credit card transactions are

conducted each day, we are of the opinion that the legislature properly determined that the acts defined in 21 O.S. § 1550.22 involve such danger to the public security of the State that they should be penalized in the exercise of the police power.

The Court held that due process is not violated by the fact that a presumption of guilt has been attached to the improper possession of a stolen card.

■ Like other presumptions found elsewhere in the criminal code, the presumption found in subsection (c) of Section 1550.22 is subject to the protections of 12 O.S.1981, § 2304. That section provides, in pertinent part:

C. Whenever the existence of a presumed fact against the accused establishes guilt or is an element of the offense or negatives a defense and is submitted to the jury, the judge shall give an instruction explaining that the jury may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so. Where the presumed fact establishes guilt, is an element of the offense or negatives a defense, the judge shall also instruct the jury that its existence must be proved beyond a reasonable doubt.

Those mandated instructions were given in this case. The presumption was properly established through the evidence of Appellant's improper possession of the credit cards, obtained in a manner violative of sub-section (b), giving rise to the presumption that he intended the consequences of his actions in stealing the wallet containing the credit cards.

Appellant cites *Stanfield v. State*, 666 P.2d 1294 (Okl.Cr.1983), in support of his argument that the use of the presumption creates automatic error. We have reconsidered that opinion in light of the arguments made in this case and find that the case does not reflect a proper resolution of the issue. In *Stanfield*, rather than focusing on the legal issues involved in the case, we resolved the case on a factual basis; quite simply, there was no evidence that the defendant had obtained the card in

violation of any provision of the statute. To the extent that *Stanfield* requires specific proof of intent regardless of the presumption found in the statute, it is overruled.

In this case, the evidence is overwhelming that Appellant obtained the credit cards in question in violation of Section 1550.22. The principals established in *Stanfield* have no application to the present case in light of this evidence. We find that the evidence is sufficient to support the conviction as found by the jury.

■ This analysis also disposes of the claims made by Appellant with respect to the jury instructions given by the trial court on the issue of the presumption. The instruction given by the court essentially mirrors the language of Section 1550.22, the validity of which is discussed above. In any event, Appellant failed to object to the instruction as given or to provide an alternative which he deemed acceptable. Such a failure waives all but fundamental error. In *Russell v. State*, 763 P.2d 1180, 1182 (Okl.Cr.1988), we held:

[d]efense counsel's failure to object or offer written requested instructions at trial results in a waiver where the court's instructions accurately stated the applicable law. *See Sims v. State*, 731 P.2d 1368, 1361 (Okl.Cr.1987).

There is no error identified here.

■ In his final allegation of error, Appellant claims that the State failed to present adequate proof of his seven prior convictions in the second stage of the trial. In *Cooper v. State*, 810 P.2d 1303 (Okl.Cr. 1991), this Court recognized that more than a bare judgment and sentence may be required to prove the existence of prior felony convictions. The criteria used to determine the sufficiency of the proof is found in *Williams v. State*, 364 P.2d 702, 704 (Okl.Cr.1961).

In this case, most of the convictions were under the name of Angelo Lamont Brown. One conviction out of Idaho carried the name William Mitchell a/k/a Angelo Brown. Most of the prior convictions were

from Oregon. Several of the convictions involved either the fraudulent use of a credit card or the improper possession of a stolen credit card.

The State introduced testimony from a fingerprint expert that Appellant's fingerprints were identical to those of Angelo Lamont Brown on file at the Federal Correctional Institution in El Reno, where Appellant served a sentence for Interstate Transportation of Stolen Credit Cards. Evidence also established that Appellant had lived in Oregon and had several business cards for Oregon merchants in his wallet. We need find only sufficient proof of two felony convictions in order to affirm the jury's finding of previous convictions. The evidence presented by the State is, at a minimum, sufficient to do that.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is **AFFIRMED.**

LUMPKIN, P.J., concurs in part/dissents in part.

JOHNSON, V.P.J., joins in Judge LUMPKIN'S concur in part/dissent in part.

CHAPEL and STRUBHAR, JJ., concur.

LUMPKIN, Presiding Judge: concurring in part/dissenting in part.

I concur in the affirmance of the judgment and sentence for Theft of Credit Cards After Former Conviction of Two or More Felonies. However, I disagree with the overruling of *Stanfield v. State*, 666 P.2d 1294 (Okl.Cr.1983). As we have found that the principles established in *Stanfield* have no application to the case at hand, it is not necessary for us to overrule it.